1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  JOHN C. BOSTIC (CABN 264367)
   Assistant United States Attorney
5
       150 Almaden Boulevard, Suite 900
6      San Jose, California 95113
       Telephone: (408) 535-5061
7      FAX: (408) 535-5066
       john.bostic@usdoj.gov
8
   Attorneys for United States of America
9
                    UNITED STATES DISTRICT COURT
10
                 NORTHERN DISTRICT OF CALIFORNIA
11
                          SAN JOSE DIVISION
12

13  UNITED STATES OF AMERICA,          )  CASE NO. 18-CR-00356 EJD
                                       )
14          Plaintiff,                 )  UNITED STATES' SENTENCING
                                       )  MEMORANDUM
15      v.                             )
                                       )  Date:   March 2, 2020
16  SALVADOR MORFIN,                   )  Time:   1:30 p.m.
                                       )  Court: Hon. Edward J. Davila
17          Defendant.                 )
                                       )
18

19  I.      INTRODUCTION & BACKGROUND

20          The government hereby submits its sentencing memorandum in the above-captioned case.  For

21  the reasons discussed below, the government recommends that the Court impose a sentence of 130

22  months of imprisonment, to be followed by four years of supervised release.

23          This case arises from an undercover investigation carried out by the Bureau of Alcohol, Tobacco,

24  Firearms, and Explosives focusing on illegal distribution of contraband, including firearms, in San Jose.

25  Defendant originally came into contact with federal law enforcement through codefendant Dereke

26  Holden, who in turn was an associate of Daniel Nogueira—an individual who approached a CI and

27  offered to sell him contraband.  Defendant sold a total of approximately 110 grams of methamphetamine

28

GOVERNMENT'S SENTENCING MEMORANDUM
18-CR-356 EJD

1  during two controlled buys conducted in the course of the federal investigation.  Defendant was

2  subsequently indicted along with three codefendants.  (ECF No. 1).  The Indictment charged Defendant

3  with two counts of distribution of and possession with intent to distribute methamphetamine (Counts 8

4  and 9).  On December 2, 2019, Defendant pleaded guilty to Count 8 in the Indictment pursuant to a plea

5  agreement.  (ECF Nos. 91 and 92).

6      Several other associates of Noguiera and Morfin have been indicted in other cases for a variety

7  of narcotics- and firearms-related criminal conduct.

8  *September 20, 2017 Controlled Purchase of Methamphetamine*

9      On September 20, 2017, a confidential informant (the "CI"), working with an undercover ATF

10  agent, purchased 55.9 grams of methamphetamine from Defendant Salvador Morfin.  The transaction

11  was arranged by codefendant Dereke Holden, who was present for and mediated the sale.

12      Previously, the CI and undercover agent had purchased methamphetamine from Holden.  On

13  September 14, 2017, the CI called Holden and asked to deal directly with Holden's methamphetamine

14  source.  Holden agreed, and the parties arranged to carry out a narcotics purchase on September 20.

15      On September 20, 2017, the undercover agent arrived at the prearranged location in San Jose

16  around 11:30 a.m. and met Holden and the CI.  At approximately noon, an individual later identified as

17  Defendant Salvador Morfin arrived at the location.  Holden and the CI then left the undercover vehicle

18  and walked over to Defendant's vehicle.  The CI handed Holden the money for the drug purchase, which

19  Holden passed along to Defendant, who introduced himself as "Panda."  In exchange for the money,

20  Defendant provided two baggies of suspected methamphetamine.  The CI and Defendant agreed to deal

21  directly in the future, and exchanged contact information.  After the CI and Holden exited his vehicle,

22  Defendant left the area.

23      The narcotics obtained from Defendant on September 20 were later tested by the DEA lab and

24  confirmed to be methamphetamine with a weight of 55.9 grams and a purity of 100%.

25  *October 5, 2017 Controlled Purchase of Methamphetamine*

26      On October 5, 2017, Defendant sold another 55 grams of methamphetamine to the CI and

27  undercover ATF agent.

28

GOVERNMENT'S SENTENCING MEMORANDUM
18-CR-356  EJD

On October 3, 2017 and October 4, 2017, the CI and Defendant exchanged text messages agreeing to a two-ounce sale of methamphetamine to take place on October 5.  On October 5, 2017, the day of the sale, the CI and the undercover ATF agent arrived at the predetermined San Jose location at about 1:30 p.m.  Defendant was there waiting for their meeting.  After relocating to avoid some uninvolved law enforcement vehicles Defendant had noticed, the parties parked their vehicles and Defendant entered the undercover vehicle.  After discussing the sale and potential future sales of firearms, Defendant provided a Ziploc bag containing suspected methamphetamine to the undercover agent.  The CI paid Defendant $800 in exchange for the narcotics.  The transaction was recorded by video with audio, as were the earlier conversations between the CI and Morfin.

The narcotics obtained from Defendant on October 5 were later tested by the DEA lab and confirmed to be methamphetamine with a weight of 55.9 grams and a purity of 99% for a total weight of 55.3 grams.

## II.      SENTENCING GUIDELINES CALCULATIONS

Pursuant to the United States Sentencing Guidelines, which are advisory after the Supreme Court's decision in *United States v. Booker*, 125 S. Ct.738 (2005), Defendant has a Total Offense Level of 27, based on the following calculations.  Defendant's Base Offense Level is 30 under U.S.S.G. § 2D1.1(a)(5) and (c)(5).  The government recommends a two-point reduction in light of Defendant's acceptance of responsibility as demonstrated by his guilty plea. *See* U.S.S.G. § 3E1.1(a).  Additionally, Defendant has assisted the government by providing timely notice of his intention to plead guilty and permitting the government to avoid preparing for jury trial.  Accordingly, the government moves for an additional one-point decrease under U.S.S.G. § 3E1.1(b).  Accordingly, Defendant's final Total Offense Level is 27 as stated in the parties' Plea Agreement and in the Presentence Report.

The government agrees with the Probation Office that Defendant has 22 criminal history points, resulting in a Criminal History Category of VI.  Defendant's Total Offense Level and Criminal History Category combine to yield a guidelines sentencing range of 130 to 162 months.

## III.     UNITED STATES' SENTENCING RECOMMENDATION

The government believes that a sentence at the low end of the guidelines is appropriate given the

GOVERNMENT'S SENTENCING MEMORANDUM
18-CR-356  EJD

facts of this case and the established sentencing factors.  The relevant considerations include the nature and circumstances of the offense, the defendant's history and characteristics, and the need for the sentence:  (1) to promote respect for the law and provide just punishment for the offense, (2) to afford adequate deterrence, (3) to protect the public from further criminal conduct by Defendant, and (4) to avoid unwarranted sentencing disparities among defendants with similar records who are guilty of similar conduct.  *See* 18 U.S.C. § 3553(a)(2).

In this case, a guidelines sentence is appropriate, with a low-end sentence of 130 months being sufficient, but no greater than necessary, to accomplish the above goals.  The facts of this case are relatively simple and straightforward, and the government does not believe there are any factors in either the charged conduct or Defendant's background that are sufficiently unique or uncommon to remove this case from the heartland of similar narcotics trafficking offenses contemplated by the guidelines.

Defendant's role in the offense conduct demonstrates that he was an active narcotics trafficker during the relevant time period and that the charged conduct was by no means aberrant behavior. Indeed, the CI and undercover agent first made contact with Holden, only reaching Defendant after they asked to be put in touch with Holden's methamphetamine source.  Holden—himself an active purveyor of firearms and other contraband, depended on Defendant to supply methamphetamine for his customers.  Defendant's apparent willingness to engage in or assist with street sales of firearms to individuals who bought his methamphetamine is also concerning.

Defendant's criminal history is extensive, including a felony conviction for domestic violence stemming from a 2018 incident where he punched his girlfriend of eight years in the head and threatened to shoot her if she called the police.  This was not Defendant's first conviction for a violent offense, as he had previously been convicted of misdemeanor battery and another domestic violence battery. Consistent with the offense conduct here, Defendant's criminal history contains several offenses relating to controlled substances.  His other convictions relate to a variety of antisocial behaviors from vandalism to discharging a laser at an aircraft.  All in all, Defendant's criminal history paints the picture of an individual who is unable or unwilling to conform his conduct to the law.  It is noteworthy that Defendant committed the charged conduct while still on probation from his most recent previous conviction.  These

GOVERNMENT'S SENTENCING MEMORANDUM
18-CR-356  EJD

1  facts demonstrate a real risk of recidivism and weigh in favor of a significant sentence.

2  **IV.      CONCLUSION**

3           For the foregoing reasons, the United States respectfully recommends that this Court sentence

4  Defendant to 130 months of imprisonment—to be followed by a four-year term of supervised release—

5  and order Defendant to pay a $100 special assessment.

6

7  DATED:  February 24, 2020                         Respectfully Submitted,

8                                                    DAVID L. ANDERSON
                                                     United States Attorney
9

10                                                         /s/
                                                     JOHN C. BOSTIC
11                                                   Assistant United States Attorney

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GOVERNMENT'S SENTENCING MEMORANDUM
18-CR-356  EJD