ROBERT E. CAREY, Jr. (SBN 47556)
CAREY & CAREY
PO BOX 1040
PALO ALTO, CA 94301-1040
Telephone: (650) 328-5510
Facsimile: (650) 853-3632

Attorney for Respondent
SALVADOR MORFIN

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>  Plaintiff,<br><br>  vs.<br><br>SALVADOR MORFIN,<br><br>  Defendant. | Case No. 18-CR-00356 EJD<br><br>**SENTENCING MEMORANDUM OF SALVADOR MORFIN**<br><br>**Sentencing Date: March, 2, 2020**<br>**Time: 1:30pm**<br><br>**Judge: Honorable Edward J. Davila** |

## I. INTRODUCTION

Salvador Morfin, the defendant in this matter, hereby submits his sentencing memorandum in this case. The government has recommended that the Court impose a sentence of 130 months of imprisonment, to be followed by 4-years of supervised release. By way of contrast, under the guidelines and taking into account the provisions of 18 U.S.C. §3553, the probation office has recommended a term of some 96 months. Mr. Morfin joins in that rationale, but requests a term of some 84 months.

## II. SENTENCING GUIDELINE CALCULATIONS

Mr. Morfin does not dispute the government guideline calculations which are advisory after the Supreme Court's decision in *United States v. Booker* 125 S. Ct. 738 (2005). Mr. Morfin agrees that his record reflects a total offense level of 30, which with a three point reduction (his plea of guilty as well as timely notice of his intention to plead guilty) results in a Total Offense Level of 27. Similarly, Mr. Morfin does not dispute the fact that he has a substantial number of criminal history points, which result in his maintaining a Criminal History Category of VI. Accordingly, Mr. Morfin's total offense level and criminal history category combine to yield a guideline sentencing range of some 130 to 162 months. As noted above, the United States is requesting a sentence of 130 months of incarceration.

## III. THE PROVISIONS OF 18 U.S.C. §3553 WARRANT A SENTENCE OF SOME 84 MONTHS

The probation office in reviewing the facts and circumstances of this case noted that the co-defendant Holden initially met the confidential informant and arranged for the sale of firearms. During a subsequent period of time, Mr. Holden also introduced the confidential informant to three of his associates, including Mr. Morfin, Mr. Madrigal, and Mr. Blaudeanderson – each a defendant in this case. Thereafter, each of those individuals personally sold or facilitated the sale of firearms or narcotics. Accordingly, as the probation report notes, each of those defendants appear to be equal participants. (PSR, paragraph 21, pp 6-7).

Mr. Blaudeanderson was sentenced to 46 months imprisonment. (PSR, paragraph 4, pp 4). Mr. Madrigal was sentenced to 12 months and one day in custody (PSR, paragraph 6, pp 5). The government's recommendation of 130 months for Mr. Morfin is some 10 times more than Mr. Madrigal and some three times greater than Mr. Blaudeanderson.

Under the provisions of 18 U.S.C. §3553, the Court is required to impose a sentence

sufficient but not greater than necessary to comply with the purposes of the statute (which reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with needed educational or vocational training).

It is submitted that some 96 months as proposed by the probation department or some 84 months as proposed by Mr. Morfin are more than sufficient to achieve these purposes – given the circumstances of Mr. Morfin.

Mr. Morfin's childhood was extraordinarily troubled. (see PSR, paragraph 65-74, pp 15-17). His family life was extraordinarily poor. Similarly, his long term substance abuse history (see PSR, paragraph 89-93, pp 18) was substantial. He had only one 45-day outpatient treatment program. He never had the opportunity to participate in a more substantive program again.

Finally, the lack of substance abuse treatment and mental issues that Mr. Morfin had during his childhood and early adult years are extremely substantial. Simply stated, he never received any treatment for them. Granted that Mr. Morfin may receive much of this from the Bureau of Prisons and through the Court's orders. However, it also explains why it is that Mr. Morfin has such a substantial criminal history category as well as how he can change as an individual, if he gets the treatment that is necessary. He believes that the availability of such treatment will preclude him from being involved in anything of this nature again. He now understands because of his present maturity just exactly what can happen to him if he fails to abide by the law and the Court's orders. He believes a sentence of some 84 months or, failing that, some 96 months, will comply with all of the purposes of 18 U.S.C. §3553.

It is of particular note that Mr. Morfin was gainfully employed during a large period of time during which the offense was conducted (see PSR, pp 19-20). Similarly, while in jail on this offense (since January 31, 2019), he has sought to take correspondence courses (he has been unsuccessful in that regard), as well as construction classes (PSR, paragraph 96 and 97, pp 19). In short Mr. Morfin, while he has been in jail since January 2019, has taken whatever

educational opportunities were available to him. In fact, Mr. Morfin desires to get into an educational program (if possible through correspondence or through the Bureau of Prisons) in order to prepare for the workforce when he is eventually released on this matter.

## IV. REQUESTS FOR DRUG COUNSELING AND DRUG PROGRAMS, AS WELL AS EDUCATIONAL COURSES, ON BEHALF OF SALVADOR MORFIN

Mr. Morfin has had one short program with regard to his obvious drug problems. He has never really had any long term treatment or programs to combat those issues. On his behalf, he is requesting that the Court recommend the RDAP program. He wishes to ensure that he receive as much drug counseling and treatment that is possible to obtain within the Bureau of Prisons system. In that regard, during the time that he's been in federal custody on this matter, he has requested drug counseling/programs from the jail, but those programs were not available while he was at the Santa Rita facility for the last year.

Similarly, Mr. Morfin has requested to the extent possible, that while he is incarcerated, he receive treatment for his mental health issues, as well as education in the care of children, family life, and parenting. In that regard, he has a small child who is approximately 7-years old, and it is Mr. Morfin's strongest hope that he will have been educated in being an appropriate parent when he subsequently gets the authority to take care of his son.

Finally, Mr. Morfin certainly appears to be a very intelligent hardworking person. While incarcerated, he has both taken and attempted to take a variety of courses which have been open to him. He has a GED and he has continually, since he's been in federal custody, requested the ability to take various correspondence courses in the area of construction and business. However, he has not been able to obtain those courses while at Santa Rita. Accordingly, he requests the Court to order that he be allowed to take whatever correspondence courses are

available while in federal prison, so that he may obtain some background in construction, insurance, and marketing education, not only to arm himself for the eventual date that he will be released into society, but also to obtain, if possible, an AA degree.

Finally, he has no objections to the probation officer's recommendations as contained in pages 3 and 4 of the PSR recommendations (cooperating in the collection of DNA, participating in a program for testing and treatment for drug abuse, abstaining from the use of all alcoholic beverages, and participation in a mental health program). Personally, he believes that such programs would not only be helpful to him, but that he needs such assistance.

## V. **CONCLUSION**

Mr. Morfin requests that he receive a sentence of some 84 months in this matter, that he be sentenced to a $100 assessment, and that a fine be waived in this matter (because of his obvious inability to pay such a fine). He also requests the Court to grant him the ability to participate in the RDAP program, while he is custody, and, also, that the Court grant him credit for time already served since January 31, 2019. (PSR paragraph 9, pp 5).

DATED: February 25, 2020    Respectfully submitted,

//S//

ROBERT E. CAREY, JR.
Attorney for Defendant